(Reap. Dec. 11030)

T.A.P. Equipment Co., DBA Thrifty Equipment Co.
James G. Wiley et al.
}
v. United States

Entry No. 1052, etc.

(Decided June 22, 1965)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Nichols, Judge: The appeals for reappraisement enumerated in schedule "A," attached hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise entered or withdrawn from Customs warehouse for consumption before the effective date of the Customs Simplification Act of 1956 and shown on the invoices as having been shipped by Readheads (Salisbury) Ltd.

2. That the said merchandise consists of D6, D7 or D8 Track Chain exported from England and the issues involved herein are the same in all material respects as those involved in *Thrifty Equipment Co., T. D. Downing Co. v. United States*, Reap. Dec. 10674, and that the record in the cited case may be incorporated in the record herein.

3. That at the time of exportation to the United States, the prices at which such merchandise was freely sold or offered for sale in the principal markets of England, in the usual wholesale quantities and in the ordinary course of trade, for home consumption, including the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were as follows:

| | |
|---|---|
| 39 link D–6 track chain | £64.0.0 |
| 37 link D–7 track chain | £125.0.0 |
| 39 link D–8 track chain | £160.0.0 |

4. That at the time of exportation to the United States, such merchandise was not freely offered for sale to all purchasers for exportation to the United States and export value, or such value, as defined in Section 402(d) of the Tariff Act of 1930, of similar merchandise is no higher than the values set forth in paragraph 3, above.

5. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

On the agreed facts, on the record incorporated herein, and on the authority of the decision cited, I find and hold that foreign value, as defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the value of the merchandise involved herein, and that such values are as follows:

> 39 link D–6 track chain £64.0.0
> 37 link D–7 track chain £125.0.0
> 39 link D–8 track chain £160.0.0

subject to a pro rata allowance or addition for each link that fell short of or exceeded the above linkage as follows:

> D–6 £3.0.0
> D–7 £4.10.0
> D–8 £6.10.0

Judgment will be rendered accordingly.